**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**BONNIE BRUNNER and**
**DAVID BRUNNER,**

**Plaintiffs,**

**v.** **Case No. 24-C-719**

**JAMES F. KUBASTA and**
**BRENDA M. KUBASTA,**

**Defendants.**

---

**ORDER DENYING DEFENDANT JAMES F. KUBASTA'S**
**MOTION FOR SUMMARY JUDGMENT**

---

Plaintiffs Bonnie Brunner and David Brunner brought this action against Defendants Classic Homes by Kuba Ltd., James F. Kubasta, and Brenda M. Kubasta on June 7, 2024. The clerk entered default as to Classic Homes by Kuba, Ltd. on July 15, 2025, when it failed to conduct a defense due to the entity's inability to retain counsel. Dkt. No. 99. On September 17, 2025, the case was stayed pending the resolution of a criminal action against Defendant James F. Kubasta. Dkt. No. 112. After the stay was lifted on May 12, 2026, the court set a new scheduling order, with dispositive motions due on August 14, 2026. Dkt. No. 123. Mr. Kubasta, now appearing *pro se*, filed a motion for an extension of time to file a summary judgment motion on August 14, 2026, the day dispositive motions were due. Dkt. No. 124. That motion was never resolved, but Mr. Kubasta nevertheless filed a motion for summary judgment on September 9, 2026. Dkt. No. 132. This matter is now before the court on Mr. Kubasta's motion for summary judgment.

Rule 6(b) of the Federal Rules of Civil Procedure permits the court, for good cause, to extend the time for filing a motion if a request is made before such motion is due. Because Mr.

Kubasta filed his motion before the deadline for dispositive motions, albeit on the day of the deadline, Rule 6(b) applies and Mr. Kubasta had to show good cause for his request for an extension. Mr. Kubasta claims that he could not file his motion by the original deadline because his deposition took place only one month prior, which took time to review and organize, and he was proceeding without counsel.

These reasons do not constitute good cause. Mr. Kubasta's deposition occurred on July 13, 2026, within the deadline for discovery set in the court's amended scheduling order. *See* Dkt. No. 123. Moreover, it is not clear why Mr. Kubasta needed a transcript of his deposition to file his motion. He has personal knowledge of the facts giving rise to this lawsuit and also what he testified to at his deposition. This case has been pending for over two years. Extending the deadline for Mr. Kubasta's summary judgment motion would have caused the court to extend the deadline for a response and reply to the motion, forcing the court to ultimately push back the final pre-trial and jury trial dates. Due to the age of the case and these impending dates, the court has "significant interest in maintaining the integrity of its calendar" and therefore strict enforcement of the summary judgment deadline is warranted. *Raymond v. Ameritech Corp.*, 442 F.3d 600, 607 (7th Cir. 2006) (quoting *Wienco, Inc. v. Katahn Assocs., Inc.*, 965 F.2d 565, 568 (7th Cir. 1992)). The Seventh Circuit has recognized:

> We live in a world of deadlines. If we're late for the start of the game or the movie, or late for the departure of the plane or the train, things go forward without us. The practice of law is no exception. A good judge sets deadlines, and the judge has a right to assume that deadlines will be honored.

*Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996).

There is no dispute that Mr. Kubasta's motion was not timely filed. The court set a dispositive motion deadline of August 14, 2026, and Mr. Kubasta's motion was filed well after

that date. Because Mr. Kubasta failed to meet the court's deadline, the motion is untimely and is denied for that reason alone.

Even if Mr. Kubasta's motion for summary judgment was timely filed, it is clear, even without Plaintiffs' response, that his motion would be denied. On a motion for summary judgment, the movant bears the initial burden of showing that the evidence is insufficient to establish a material element of the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Only if the moving party meets this burden must the non-moving party "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis omitted) (quoting Fed. R. Civ. P. 56(e)). The movant is also "obligated to present to the district court both factual and legal arguments in support of their positions." *Soo Line R.R. Co. v. Consol. Rail Corp.*, 965 F.3d 596, 602 (7th Cir. 2020). If a party "does not sufficiently inform the court as to the reasons why [summary judgment] should be granted[,]" denial of summary judgment is appropriate. *Mitsui Sumitomo Ins. Co. v. Moore Transp., Inc.*, 500 F. Supp. 2d 942, 956 (N.D. Ill. 2007).

Mr. Kubasta first seeks summary judgment on Counts II and III, both of which assert claims of theft by contractor. Def.'s Br. at 6, Dkt. No. 133. He argues that the record "does not permit Plaintiffs simply to treat every construction payment or every requested draw as misappropriated trust funds." *Id.* He claims that a factual dispute as to one transaction—a $13,000.00 payment made to a subcontractor associated with another project using the Brunners' funds—cannot serve as the basis for treating the entire project as "a single act of misappropriation." *Id.* It is unclear from Mr. Kubasta's motion what material element of Plaintiffs' claim for theft by contractor is missing. Indeed, Mr. Kubasta seems to admit, for the purposes of summary judgment, that the $13,000.00 he paid to an unrelated subcontractor would satisfy the material elements of the claim.

*Id.* ("[A]ssuming for the purposes of summary judgment that the approximately $13,000 transaction presents a factual question concerning the contractor-trust claim . . . ."). His argument appears to be one over the amount of damages, not over his liability for the claim asserted. Therefore, denial of Mr. Kubasta's motion for summary judgment on Counts II and III is appropriate.

As to Counts IV, V, and VI, all of which deal with misrepresentation, Mr. Kubasta argues that Plaintiffs' allegations in the complaint "must be tested against the particular representations identified in the record." *Id.* at 7. More specifically, Mr. Kubasta states that his communication with the Brunners in September of 2023 was preliminary, and therefore any project figures included in that communication cannot be considered false representations. *Id.* Mr. Kubasta also argues that the representations contained in Draw 6 cannot support a claim of misrepresentation because Plaintiffs never funded the draw and therefore did not part with property in reliance on those representations. *Id.* Ultimately, however, Mr. Kubasta asserts that Plaintiffs "must establish each misrepresentation theory according to the particular statement, transaction, reliance, causation, and damages supported by the evidence." *Id.* He does not argue that Plaintiffs have failed to establish a material element of the misrepresentation claims. He instead seems to argue that every theory Plaintiff might put forth for those claims is not valid. That is not enough to show that there is no genuine issue of material fact or that he is entitled to judgment as a matter of law. Therefore, Mr. Kubasta's motion for summary judgment on Counts IV, V, and VI is denied.

Mr. Kubasta argues that summary judgment is appropriate on the conversion claims, Count IX and Count X, for similar reasons as the theft by contractor claims discussed above. He claims that Plaintiffs "cannot establish conversion of the entirety of the project funds merely by showing that [he] exercised control over construction funds in connection with the project." *Id.* at 8. He

asserts that an "aggregate damages theory" is inappropriate because there are many project funds which were not converted. *Id.* But again, in making this argument, Mr. Kubasta seems to admit that the $13,000.00 he paid to an unrelated subcontractor would satisfy the material elements of a claim for conversion. *Id.* ("[E]vidence concerning the approximately $13,000 transaction does not itself establish conversion of every other project payment."). Thus, no material element of a conversion claim is missing, and denial of summary judgment is appropriate.

Finally, Mr. Kubasta seeks summary judgment on the voidable transfer claims, Counts VII and VIII, and civil conspiracy claims, Counts XI and XII. *Id.* at 7–9. Like his other arguments, Mr. Kubasta asserts that general evidence does not establish every element of those claims. As to the voidable transfer claims, he asserts that mere evidence of him transferring money to his then-wife is not enough to survive summary judgment. *Id.* at 7–8. On the conspiracy claims, he asserts that the existence of a divorce and financial dealings with his then-wife do not establish an agreement to accomplish an unlawful objective, a requirement for a conspiracy claim. *Id.* at 8. But throughout these sections of his brief, Mr. Kubasta makes no citation to the factual record or pertinent legal authority. Although the burden on a summary judgment movant who ultimately does not have the burden of proof at trial is not high, it is still existent. *See Celotex*, 477 U.S. at 323 ("Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."). Mr. Kubasta has failed to meet that burden with regard to the voidable transfer and conspiracy claims. But given the court's ruling on the summary judgment motion filed by Ms. McCarty-

Kubasta, it is not clear whether these claims survive in any event. For now, Mr. Kubasta's motion for summary judgment as to these claims as well will be denied.

In the alternative, Mr. Kubasta requests that the court enter partial summary judgment and an order under Rule 56(g) of the Federal Rules of Civil Procedure, resolving undisputed facts and limiting remaining claims to "particular transactions." A motion for partial summary judgment asks the court to resolve part of a claim or defense if the movant shows there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). As with a motion for summary judgment, the movant bears the initial burden of showing that an essential element of the Plaintiff's claim is lacking.

Mr. Kubasta fails to meet his burden as the moving party because his argument in favor of partial summary judgment is made in a cursory manner. Mr. Kubasta requests that the court "resolve any particular claims, elements, transactions, or categories of damages for which Plaintiffs cannot produce sufficient evidence." He provides no further specificity as to which claim, element, transaction, or category of damages he requests partial summary judgment on. Mr. Kubasta has failed to sufficiently inform the court of the reasons why partial summary judgment should be granted, and therefore his motion is denied.

As to the requested order under Rule 56(g), that rule permits the court to "enter an order stating any material fact—including an item of damages or other relief—that is not genuinely in dispute and treating the fact as established in the case." Fed. R. Civ. Pro. 56(g). The rule is a "discretionary tool[]" that can be used to efficiently adjudicate remaining issues following the resolution of summary judgment motions. *Kreg Therapeutics, Inc. v. VitalGo, Inc.*, 919 F.3d 405, 415–16 (7th Cir. 2019). "Even if the court believes that a fact is not genuinely in dispute it may refrain from ordering that the fact be treated as established. The court may conclude that it is better

to leave open for trial facts and issues that may be better illuminated by the trial of related facts that must be tried in any event." Fed. R. Civ. P. 56, Committee Notes on Rules—2010 Amendment.

Mr. Kubasta asks that the court "establish those transaction-specific facts demonstrated by the record, including that Draw 6 was not funded and that amounts appearing solely in Draw 6 were not received by Kubasta through that draw." Def.'s Br. at 10, Dkt. No. 133. It is unclear what Mr. Kubasta is seeking with this request. Mr. Kubasta makes no attempt to clarify which "transaction-specific facts" are relevant and which are not, or which specific facts he wants to be treated as established. The only specificity he offers is requesting that the court establish the fact that Draw 6 was not funded and the funds appearing in Draw 6 were not received by Mr. Kubasta. These facts may be necessary to understanding what transpired and are "better illuminated by the trial of related facts that must be tried in any event." Fed. R. Civ. P. 56, Committee Notes on Rules—2010 Amendment. The relief Mr. Kubasta seems to seek is best handled with a motion in limine prior to trial. The court denies the request to treat certain facts as established in the case.

Therefore, James F. Kubasta's motion for extension of time (Dkt. No. 124) and motion for summary judgment and relief under Rule 56(g) (Dkt. No. 132) are **DENIED**.

**SO ORDERED** at Green Bay, Wisconsin this 1st day of October, 2026.

William C. Griesbach
United States District Judge