UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**BONNIE BRUNNER and**
**DAVID BRUNNER,**

**Plaintiffs,**

**v.** **Case No. 24-C-719**

**JAMES F. KUBASTA, et. al.,**

**Defendants.**

---

## ORDER DENYING MOTION FOR PARTIAL JUDGMENT

---

Plaintiffs Bonnie and David Brunner filed this action against Defendants James F. Kubasta and Brenda M. Kubasta, a/k/a Brenda McCarty-Kubasta, and Classic Homes by Kuba Ltd, alleging a pattern of misconduct related to a home improvement project. The Court granted summary judgment as to the claims against Ms. McCarty-Kubasta on September 30, 2026. This matter comes before the Court on Ms. McCarty-Kubasta's unopposed request for partial judgment under Rule 54(b). For the following reasons, that motion will be denied.

Federal Rule of Civil Procedure 54(b) states that "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). In other words, the rule serves as an exception to the traditional rule that a judgment is not appealable until final (i.e. all claims are disposed of and there is nothing left for the court to do but enter judgment). "The rule is intended to allow parties to quickly appeal dispositive issues rather than wait until the rest of the case, which might have nothing to do with them, is decided, a process that can sometimes take years." *United States v. Menominee Tribal Enters.*, No. 07-C-316, 2009 WL 2877083, at *1 (E.D. Wis. Sept. 2, 2009).

Here, all of the claims against Ms. McCarty-Kubasta were dismissed in her favor, so presumably she will not be appealing anything. Although Plaintiffs, who do not oppose Ms. McCarty-Kubasta's motion for entry of partial judgment, might appeal, they have shown no interest in obtaining partial judgment for their benefit. The interest in appealing the case is especially inadequate to justify partial judgment "since the trial in this action is only weeks away, and a verdict can be expected in roughly two months. Even if [Ms. McCarty-Kubasta] had some kind of pressing interest in a swift appeal, a delay of a few months is hardly the kind of problem Rule 54(b) was intended to solve." *Id.*

Further, the Seventh Circuit has made clear that if elements of a case have factual or legal overlap, the appeal should not be authorized under Rule 54(b). *Appleton Papers Inc. v. George A. Whiting Paper Co.*, No. 08-C-16, 2011 WL 4585343, at *1 (E.D. Wis. Sept. 30, 2011) (citing *Horn v. Transcon Lines, Inc.*, 898 F.2d 589, 593 (7th Cir. 1990)). Although the Court found that there was not sufficient evidence of Ms. McCarty-Kubasta's involvement in Mr. Kubasta's wrongdoing to hold her liable, that does not mean their claims are factually distinct. Indeed, it is the same dispute underlying the claims against both defendants. A subsequent appeal of Mr. Kubasta's claims would "involve almost the exact same issues and . . . analysis." *Id.* at 2. "[T]here is little doubt that the court of appeals would have to re-learn the facts of this case for any subsequent appeals." *Id.* at 1. Thus, "although the claims are indeed distinct, the central issue is the same, and the similarity of the claims precludes entry of a partial judgment." *Id.* at 2.

**IT IS THEREFORE ORDERED** that Defendant Brenda M. Kubasta's motion for entry of partial judgment (Dkt. No. 140) is **DENIED**.

Dated at Green Bay, Wisconsin this 4th day of November, 2026.

William C. Griesbach
United States District Judge