UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**BONNIE BRUNNER and**
**DAVID BRUNNER,**

**Plaintiffs,**

**v.** **Case No. 24-C-719**

**JAMES F. KUBASTA, et. al.,**

**Defendants.**

---

## ORDER DENYING MOTION FOR SANCTIONS

---

Plaintiffs Bonnie and David Brunner filed this action against Defendants James F. Kubasta and Brenda M. Kubasta, a/k/a Brenda McCarty-Kubasta, and Classic Homes by Kuba Ltd on June 7, 2024, alleging a pattern of wrongdoing related to a home improvement project. On July 11, 2025, Plaintiffs filed a motion for sanctions as to James F. Kubasta due to his alleged "repeated failure to comply with discovery rules and to abide by orders of this Court." Dkt. No. 100 at 1. The case was then stayed for a period of time due to ongoing criminal proceedings against Mr. Kubasta for the same misconduct that is at issue in this lawsuit. *See* Dkt. No. 112. When the stay was lifted, Plaintiffs' motion for sanctions was reactivated. Since then, the motion has remained pending. For the reasons below, the motion will be denied.

In their motion for sanctions, Plaintiffs request that the court "impos[e] sanctions against Mr. Kubasta in the form of a default judgment for claims pending against Mr. Kubasta and Classic Homes by Kuba, Ltd. Dkt. No. 100 ¶ 26. In their view, Mr. Kubasta had provided insufficient discovery responses for a span of months. *Id.* at ¶ 7. That led Plaintiffs to seek, and ultimately succeed on, two motions to compel, as well as an extension of the fact discovery deadline. *Id.* at ¶¶ 7, 11, 13, 14. They also argued that Mr. Kubasta's failure to produce a copy of his laptop hard drive was yet another shortfall deserving of sanctions. *Id.* at ¶ 19.

Federal Rule of Civil Procedure 37(b) authorizes the court in which an action is pending to impose sanctions against a party who fails to obey a court order regarding discovery. Fed. R. Civ. Pro. 37(b). "When a court enters default judgment as a discovery sanction—a severe penalty that effectively terminates a party's ability to prevail on the merits—the court must find that the party against whom sanctions are imposed displayed willfulness, bad faith or fault." *In re Golant*, 239 F.3d 931, 936 (7th Cir. 2001).

Here, there is no evidence of willfulness or bad faith on Mr. Kubasta's part. For one, Mr. Kubasta was facing criminal charges related to these events beginning in February of 2025, possibly limiting his ability to respond to discovery requests in this civil action given his Fifth Amendment right against self-incrimination. *See State of Wisconsin v. James Frederick Kubasta*, Winnebago County Case No. 2025CF000105; *Est. of Swayzer v. Armor Corr. Health Servs., Inc.*, No. 16-CV-1703, 2018 WL 1535953, *2 (E.D. Wis. Mar. 29, 2018) (stating that a party should not be "forced to choose between preserving his right against self-incrimination or fully defending [a] civil action"). Those same criminal charges ultimately led the Court to stay the case just a few months after Plaintiffs filed their motion for sanctions, and before the stay Mr. Kubasta indicated that his criminal lawyer advised him not to say anything in this matter. Dkt. No. 100 ¶ 20. Additionally, as Defendant noted in his response to the motion, at times the conditions of his bail prevented him from obtaining the necessary documentation to respond to Plaintiffs' requests. Dkt. No. 101 ¶ 7. These circumstances do not indicate a willful disregard of the Court's discovery orders, but rather an attempt to protect his rights and comply with court orders in the criminal action against him.

Second, although Mr. Kubasta's responses to Plaintiffs' discovery requests may have been inadequate or incomplete, Plaintiffs admit that he was responding to at least some discovery requests during the alleged period of noncompliance. *See* Dkt. No. 100 ¶¶ 9, 18. Although pro se

litigants are not excused from complying with applicable rules and procedures, "[i]n the Seventh Circuit the district courts are required to be lenient with *pro se* litigants and to ensure that justice is done on the merits rather than on the basis of procedural technicalities wherever possible." *Patterson v. Brady*, 131 F.R.D. 679, 683 (7th Cir. 1990). Given Mr. Kubasta's circumstances and his attempt to comply with Plaintiffs' discovery requests, the Court does not find it appropriate to impose the severe penalty of default judgment.

For the above reasons, Plaintiffs' motion for sanctions will be denied. On the record as it now stands, the Court cannot make the findings necessary to impose the drastic sanction of default on this *pro se* litigant. The attachments to the parties' briefing show that Mr. Kubasta responded to some discovery requests, did not have access to the documents necessary to respond to others, and provided zip files (which the Court cannot access) in response to several others. The parties also conducted a deposition of Mr. Kubasta which might have shed light on the remaining or pending discovery. Defendants state Mr. Kubasta had not produced his computer at the time of the sanctions motion, but it is unclear whether he produced the computer at a later time. Thus, the Court is ultimately unable to determine whether Mr. Kubasta's responses were complete, or if not, whether he had good cause for not responding in full. Nonetheless, if Plaintiffs wish to raise any lingering issues resulting from Mr. Kubasta's discovery deficiencies, they may do so by filing a motion prior to trial or bringing the issue to the Court's attention at the Final Pre-Trial Conference.

**IT IS THEREFORE ORDERED** that Plaintiffs' motion for sanctions as to James F. Kubasta (Dkt. No. 100) is **DENIED**.

Dated at Green Bay, Wisconsin this 12th day of November, 2026.

William C. Griesbach
United States District Judge